IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID GONZALEZ, JR. | § | |
|   TDCJ-CID #1505685 | § | |
| v. | § | C.A. NO. C-10-069 |
| | § | |
| RICK THALER | § | |

## OPINION DENYING MOTIONS FOR RECUSAL AND FOR A HEARING

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Connally Unit in Kenedy, Texas. Proceeding pro se, he filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging a state conviction. (D.E. 1). Pending is petitioner's motion for recusal. (D.E. 17). Pending is also petitioner's motion for an evidentiary hearing. (D.E. 19).

In petitioner's pending motion, he requests that District Judge Janis Graham Jack recuse herself from this action. (D.E. 17, at 1). This motion was mailed on April 3, 2010 and filed with the Court on April 7, 2010. Id. at 1, 3. However, on March 15, 2010, petitioner consented to proceed before a magistrate judge in this action. (D.E. 13). On March 16, 2010, Judge Jack reassigned the petition to a magistrate judge. (D.E. 15). Consequently, Judge Jack was no longer the presiding judge when petitioner filed his motion to recuse. Accordingly, his motion for recusal, (D.E. 17), is DENIED as moot.

Rule 8(a) of the Rules Governing Section 2254 Cases states that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(c) further requires that "[t]he judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." The

Fifth Circuit has explained that "[a] hearing in a habeas proceeding is required <u>only</u> when, *inter alia*, the record reveals a genuine factual dispute."  <u>Tague v. Puckett</u>, 874 F.2d 1013, 1015 (5th Cir. 1989) (emphasis added); <u>see</u> <u>also</u> <u>Murphy v. Johnson</u>, 205 F.3d 809, 815-16 (5th Cir. 2000) (discussing the basis for an evidentiary hearing).

Petitioner is challenging his conviction for unlawful possession of a firearm by a felon in the 117th Judicial District Court in Nueces County, Texas.  (D.E. 1, at 2).  In the pending motion, he argues for an evidentiary hearing to address the merits of the two grounds for relief that he raises.  An order for service of process has not yet been issued.  Consequently, respondent has not yet filed an answer.  If an evidentiary hearing is determined to be necessary, then one will be set.

Accordingly, it is ORDERED that petitioner's motion for an evidentiary hearing, (D.E. 19), be DENIED without prejudice.

ORDERED this 7th day of July 2010.

                                                                    _____
                                                                    BRIAN L. OWSLEY
                                                                    UNITED STATES MAGISTRATE JUDGE