IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID GONZALEZ, JR. | § | |
|     TDCJ-CID #1505685 | § | |
| v. | § | C.A. NO. C-10-069 |
| | § | |
| RICK THALER | § | |

## OPINION DENYING PETITIONER'S MOTION TO STRIKE

Petitioner is a state inmate currently incarcerated at the Connally Unit in Kenedy, Texas who has filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging his conviction. (D.E. 1). Pending is petitioner's motion to strike summary judgment evidence. (D.E. 36).

Petitioner complains about three pages attached to respondent's motion for summary judgment. (D.E. 31, App. at 1-3). These documents concern a state habeas application regarding his conviction in State v. Gonzalez, 07-CR-1223-B in the 117th Judicial District Court of Nueces County, Texas. Id. The charge in that prosecution was for the unlawful possession of a firearm by a felon. Id. at 4. In his petition, he challenges his conviction for unlawful possession of a firearm by a felon in case number 07-CR-1223-B in the 117th Judicial District Court of Nueces County, Texas. (D.E. 1, at 2).[1]

The decisions cited by petitioner do not support his position that these documents should be struck. Indeed, these cases consider mostly concerns about the admissibility of affidavits attached to motions for summary judgment. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996); McSpadden v. Mullins, 456 F.2d 428, 430 (8th Cir. 1972). These documents are arguably relevant given that they address the conviction petitioner

---

[1] Petitioner had previously challenged a conviction for manslaughter in State v. Gonzalez, 07-CR-0289-B in the 117th Judicial District Court of Nueces County, Texas. See generally Gonzalez v. Thaler, No. C-09-357, 2010 WL 2710647 (S.D. Tex. May 11, 2010) (unpublished), recommendation adopted by 2010 WL 2710645 (S.D. Tex. July 6, 2010) (unpublished).

challenges in this action.  See Fed. R. Evid. 401.  Petitioner has failed to establish that they are unfairly prejudicial.  See Fed. R. Evid. 403.  To the extent that petitioner is arguing that these documents are hearsay, they are excluded as exceptions.  Fed. R. Evid. 803(8); United States v. Cantu, 167 F.3d 198, 204 (5th Cir. 1999).

Petitioner appears to challenge the documents as "improperly authenticated."  (D.E. 36, at 1).  However, these documents as well as the other state records have been certified by the Nueces County Clerk of the District Court.  See, e.g., (D.E. 26-2, at 127; 26-4, at 119; 27, at 119; 27-3, at 159).  Certified copies of public records are self-authenticating.  Fed. R. Evid. 902(4); United States v. Smith, No. 93-4256, 1993 WL 391482, at *1 (5th Cir. Sept. 23, 1993) (unpublished).

Finally, the Federal Rules of Evidence favor the admissibility of duplicate copies of documents.  See Fed. R. Evid. 1003.  Petitioner has not made any satisfactory argument that the originals are necessary in this action.

Accordingly, petitioner's motion to strike summary judgment evidence, (D.E. 36), is DENIED.

ORDERED this 4th day of November 2010.

                                                BRIAN L. OWSLEY
                                                UNITED STATES MAGISTRATE JUDGE