IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID GONZALEZ, JR., | § | |
|   TDCJ-CID #1505685, | § | |
| | § | |
| VS. | § | C.A. NO. 2:10-cv-069 |
| | § | |
| RICK THALER. | § | |

**ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION CONCERNING RECUSAL,
AND DENYING MOTION FOR RELIEF FROM JUDGMENT**

Pending is petitioner's motion seeking reconsideration of an order denying as moot petitioner's motion for recusal (D.E. 50), as well as petitioner's Rule 59(e) motion for new trial. (D.E. 53). For the reasons stated herein, both motions are denied.

### I. BACKGROUND

On May 9, 2008, petitioner pled guilty to being a felon in possession of a firearm and manslaughter as a felony offender in the 117th Judicial District Court of Nueces County, Texas. The trial court sentenced him to thirteen years for manslaughter, and a concurrent ten-year sentence for felon in possession of a firearm. Having waived his right to do so, petitioner did not file a direct appeal. However, on April 13, 2009, he filed a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied petitioner's application without written order, and his subsequent requests for review were denied.

On February 16, 2010, petitioner filed the instant § 2254 petition for habeas corpus relief challenging his conviction on two grounds: (1) that he received ineffective assistance of counsel because his attorney failed to conduct a thorough investigation of his case and relevant law; and (2) that his plea of guilty was coerced by the prosecutors and judge. (D.E. 1 at 6-7).

On March 15, 2010, petitioner filed a consent to proceed before a U.S. magistrate judge

(D.E. 13), and on March 16, 2010, the case was referred to magistrate judge Brian Owsley to conduct all further proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (See D.E. 15). On April 7, 2010, petitioner filed a motion for recusal of the undersigned United States district court judge, alleging that she was impartial and had a bias against petitioner because: "...Judge Jack left your Petitioner's cousin and co-defendant in the county jail for almost a year and a half without giving him an attorney or a hearing before a magistrate judge." (D.E. 18 at 3). He claims further that the undersigned "turned her head while the State of Texas broke the law and violated practically every rule of justice, statute and Constitutional Amendment & Article there is to illegally convict your Petitioner's cousin and co-defendant of murder...". Id. at 4.

On July 7, 2010, Magistrate Judge Owsley denied petitioner's motion as moot because the case had been assigned to him. (D.E. 22). Thereafter, because Respondent did not file a consent to proceed before a magistrate judge, the order of reference was vacated. (D.E. 41).

On January 4, 2011, the magistrate judge filed a Memorandum and Recommendation that petitioner's § 2254 claims be denied. (D.E.44). Petitioner filed objections to the recommendation. (D.E. 47). In his objections, he did not seek recusal. Id. On January 25, 2011, the Court adopted the recommendation, granted respondent's motion for judgment, and denied petitioner's § 2254 petition. (D.E. 48, 49).

On January 26, 2011, petitioner filed a motion to reconsider his motion to recuse. (D.E. 50). In this motion, petition re-urges the grounds he raised in the previous motion (D.E. 17), and also argues that the undersigned cannot be impartial because petitioner's first cousin and co-defendant filed a lawsuit in which she is a named defendant, Perez v. United States, et al., 2:10cv246.

On February 4, 2011, petitioner filed his Rule 59(e) motion for relief from judgment.[1] (D.E. 54). However, in this motion, petitioner does not challenge the substantive rulings made on his § 2254 petition, but instead, again argues that he is entitled to relief from judgment because the undersigned did not recuse herself. Id.

## II. DISCUSSION

**A.  Motion to recuse.**

To prevail on a motion to recuse a judge under 28 U.S.C. § 144, the movant must file a timely and sufficient affidavit establishing that the judge has a personal bias or prejudice. Similarly, to obtain disqualification under 28 U.S.C. § 455, a movant must show that a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality. Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1165 (5th Cir. 1982). Rumor, speculations and opinions do not suffice. United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). Moreover, motions to recuse cannot be based solely on adverse rulings. Willner v. University of Kansas, 848 F.2d 1023 (10th Cir. 1988). Prior adverse rulings alone do not create grounds for disqualification. Plaquemines Parish School Bd. v. United states, 415 F.2d 817 (5th Cir. 1969).

Regardless of whether the motion is considered under 28 U.S.C. § 144 or 28 U.S.C. § 455 (which governs the disqualification of a judge for various reasons), this Court has authority to determine the recusal motion before it. See Doddy v. Oxy USA, Inc., 101 F.3d 448, 458 n.7 (5th Cir. 1996) (when the issue of recusal arises, whether through a motion to recuse under § 455, an

---

[1] Petitioner executed the motion for relief from judgment on February 1, 2011, and it is deemed filed as of that date. See Houston v. Lack, 487 U.S. 266 (1988). Because petitioner's motion was filed within 28 days after entry of final judgment, it is considered under Rule 59(e), Fed. R. Civ. P. See Texas A & M Research Foundation v. Magna Transp., 338 F.3d 394, 400 (5th Cir. 2003).

affidavit of prejudice under § 144, or the judge's own motion, the judge has the option to transfer the recusal matter to another judge for decision or determine it himself).

A party may request the recusal of a judge if "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); Andrade v. Chojnacki, 338 F.3d 448, 454 (5th Cir. 2003). Recusal is required where the moving party demonstrates that an objective reasonable person fully informed of the underlying facts would "entertain significant doubt that justice would be done absent recusal." United States v. Lauersen, 348 F.3d 329, 334 (2d Cir. 2003).

The Fifth Circuit has emphasized that the "origin of the judge's alleged bias is of critical importance," explaining that events occurring or opinions expressed in the course of judicial proceedings "rarely require recusal" and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Andrade, 338 F.3d at 455 (internal citations omitted).

**B.     Analysis of motion to recuse.**

The Court first notes that *all* of petitioner's alleged grounds for recusal do not directly concern him or this Court's treatment of him, but instead, involve petitioner's "first cousin and co-defendant," Steven Perez." ("Perez")  (See D.E. 18 at 3).

By way of background, Perez first came before this Court in the fall of 2003 when he was indicted for possession with intent to distribute cocaine. (See 2:03cr278(1), D.E.1). Pursuant to a plea agreement, Perez pled guilty to one of three counts. (Id. at D.E. 8). On February 16, 2004, the Court sentenced Perez to 27 months in the Bureau of Prisons, a 3-year supervised release term (SRT), a $200.00 fine, and a $100.00 special assessment. (Id. at D.E. 17).

While on SRT, on January 11, 2007, Perez was arrested for the December 2, 2006 murder of Riko Rodriguez. (See D.E. 44 at 2 (magistrate's recommendation)). While in police custody,

Perez implicated petitioner and a third defendant, Michael Lozano). Id. Petitioner and Lozano were arrested. Id. at 3. Perez went to trial, and a jury found him guilty of first-degree murder. Id. at 3-4. Perez was sentenced to 60 years in the TDCJ-CID. Id. at 4.

Thereafter, Perez' probation officer moved to have his SRT revoked based on the state murder conviction. (See 2:03cr278, D.E. 23). On July 22, 2008, this Court revoked Perez' SRT and sentenced him to 24 months in the BOP. (Id. at D.E. 36).

On April 13, 2010, Perez filed a § 2255 motion challenging the revocation of his SRT. (See 2:03cr278 at D.E. 40). On July 19, 2010, Perez filed a § 1983 civil rights complaint against numerous judicial and law officials, including the undersigned. (See 2:10cv246). Because the undersigned was a named defendant, she recused herself in that proceeding, as well as in Perez' § 2255 proceeding. (See 2:10cv246 at D.E. 4, and 2:03cr278 at D.E. 69). In the civil action, the magistrate judge has entered a recommendation that Perez' claims against the undersigned, as well as the United States, be dismissed as frivolous and on immunity grounds. (Id. at D.E. 29).

Having reviewed Perez' history in this Court, and petitioner's own appearance herein, the Court finds that there is absolutely no grounds to support petitioner's motion to recuse. Petitioner alleges that the undersigned left Perez in county jail for over a year without appointing him an attorney and allowed the State of Texas to unjustly prosecute Perez. Id. at 3, 4. In his affidavit, petitioner summarizes:

> The facts supporting this [motion] derive from the fact that my first cousin and co-defendant Steven Perez was on federal supervised release when he was arrested and illegally convicted of murder. The Honorable U.S. District Judge Janice Graham Jack was his federal judge. Thus, it may be in her best interest to deny me the relief that I am entitled to. This is because it would possibly require Judge Jack to admit that she erred in her judgment as to Steven Perez in his state and federal cases.

5

(D.E. 18, attached affidavit at 1).

The Supreme Court has made clear that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or a partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Liteky v. United States, 510 U.S. 540, 555 (1994). Petitioner's alleged objections and his assertion that the Court "erred in her judgment" as to Perez' state and federal cases implicates only her actions within the scope of her judicial functions, and as such, cannot support recusal. Liteky, 510 U.S. at 555. Moreover, no matter what events transpired in regards to Perez, petitioner's contention that actions in Perez' case would have some adverse affect on his proceedings is tenuous and unsubstantiated by either facts or legal argument. Indeed, petitioner's assertion that this Court had any power over the State's prosecution of Perez for murder reflects a profound misunderstanding of the duality that exists between the State and federal systems. Finally, Perez has failed to identify any facts that would suggest antagonism toward him by this Court. According, his motion for reconsideration of the order denying his request for recusal is in all things DENIED.

**C.    Motion for reconsideration.**

Petitioner has also filed a motion for reconsideration of the Court's order denying his § 2254 petition.[2]  (D.E. 54).

---

[2] Petitioner contends that his motion is filed pursuant to Rule 60(b)(6), Fed. R. Civ. P., which authorizes relief from judgment for "any other reason that justifies relief." This "any other reason" clause is a "grand reservoir of equitable power" and is available only if "extraordinary circumstances" are present. Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995).. Petitioner would equally not be entitled to relief under this more rigorous standard.

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. International Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or to prevent manifest injustice. Id. The decision to reopen a case is within the sound discretion of the district court. Lavespere v. Niagara Mach. & Tool Works, Ins., 910 F.2d 167, 174 (5th Cir. 1990), cert. denied, 510 U.S. 859, 114 S. Ct. 171 (1993), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)(en banc).

In this case, petitioner's sole ground offered in support of reconsideration is his contention that the undersigned should have recused herself. As discussed above, recusal was not appropriate in this case. As such, petitioner fails to demonstrate any basis for Rule 59(e) relief, and this motion (D.E. 54) is DENIED.

### III. CONCLUSION

Petitioner fails to demonstrate that the recusal was warranted or that he is entitled to relief from judgment, and accordingly, his pending motions seeking such (D.E. 50, 54) are DENIED.

Moreover, petitioner is not entitled to a COA. Petitioner is advised that he may request the issuance of a COA from a circuit court of appeals judge. If the district judge has denied the COA, the applicant may then request issuance of the certificate by a circuit judge. Fed. R. App. P. 22(b).

If petitioner does not expressly make such a request for a COA, the notice of appeal shall be deemed to constitute a request addressed to the judges of the Fifth Circuit. Id.

ORDERED this 10th day of February, 2011.

_____
Janis Graham Jack
United States District Judge